FILED
 2009 May-05  PM 04:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **DAVID RAY MOSHER,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **vs.** | ]**CIVIL NO. 6:07-CV-384-RRA-VEH** |
| | ] |
| **WARDEN KENNETH JONES and** | ] |
| **THE ATTORNEY GENERAL** | ] |
| **FOR THE STATE OF ALABAMA,** | ] |
| | ] |
| **Respondents.** | ] |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed, because it is barred by the statute of limitations and because Mosher had not made a showing of actual innocence. Objections have been filed.

In his objections, Mosher argues that "without an evidentiary hearing in this case he cannot make a proper showing [of actual innocence] unto the court unless the court allows his exhibits to be entered into the record." Mosher has attached as exhibits, copies of photographs of him, apparently taken of him when he was in custody in 2002. He states as follows:

> Petitioner contends that the evidence presented here of petitioner's physical torture goes to support his claim of actual innocence due to being forced to confess to a crime he didn't commit. . . . Petitioner contends that this evidence was never presented at trial. Petitioner contends that had the jury been presented with the evidence now before the court - "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." . . .
> Petitioner contends that he has shown a fundamental miscarriage of justice that entitle[s] him to relief.

*Petitioner's Objections*, Court Document 13, at 1-2 (citations omitted).

The Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Mosher claims that he was physically tortured into confessing to "a crime he didn't commit." However, the claim that his confession was coerced by physical torture is a claim of legal innocence, not factual innocence. *Nolan v. Armontrout*, 973 F.2d 615, 617 (8th Cir. 1992). Moreover, even if Mosher's coerced confession claim were sufficient to establish actual, factual innocence, it is not based upon evidence that was not available to him at the time he entered his guilty pleas.[1] Mosher's coerced confession claim is insufficient to meet the requirements of the *Schlup* test.

---

[1] If Mosher had been tortured into falsely confessing to the crimes for which he was convicted, he would have been fully aware of this at the time he entered his plea of guilty to the crimes.

3

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the 5th day of May, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge